Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JESÚS JAVIER CRUZ ACOSTA, SU ESPOSA AVIGAIL ZAMBRANA Y LA SLG COMPUESTA ENTRE ELLOS<br>Demandantes-Recurridos<br><br>V.<br><br>AGROPHARMA LANORATORIES, INC., OLEIN RECOVERY CORPORATION, COMPAÑIA ABC, INC COMPAÑIA DE SEGUROS DEF INC.<br><br>Demandados-Peticionarios | KLCE202301277 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: JD2021CV00121<br><br>Sobre:<br><br>Despido Injustificado e Ilegal; Discrimen por Edad; y Daños y Perjuicios Y Procedimiento Ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de diciembre de 2023.

Comparece ante nosotros Olein Recovery Corporation (parte peticionaria) mediante recurso de *certiorari* y nos solicita que revisemos una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI) en la cual declaro NO HA LUGAR una Solicitud de Desestimación y Sentencia Sumaria presentada por dicha parte. Mediante la referida solicitud, la peticionaria buscaba que se desestimara una demanda instada en su contra por alegado discrimen laboral y despido injustificado. Por considerar que el TPI aplicó correctamente su juicio al denegar la referida moción y considerando que existen hechos materiales en controversia que impiden que se desestime de manera sumaria la

demanda en contra de la parte peticionaria, decidimos denegar el recurso de *certiorari.*

Veamos los hechos y el tracto procesal que dio paso a esta controversia.

-I-

La controversia ante nuestra consideración tuvo su origen en una querella presentada el 10 de marzo de 2021 por el Sr. Jesús Javier Cruz Acosta, su esposa, la Sra. Abigail Zambrana Negrón y la Sociedad Legal de Gananciales compuesta por ambos (recurridos) en contra de Agropharma Laboratories, Inc., al amparo del procedimiento sumario provisto por la Ley Núm. 2 del 12 de octubre de 1961, según enmendada, 32 LPRA § 3118 et seq. (Ley Núm. 2). En dicha querella, se alegó que el señor Cruz Acosta trabajó para el patrono querellado mediante un contrato de empleo por tiempo indefinido durante 15 años, 2 meses, 1 semana y 2 días, desde agosto de 2005 hasta ser despedido el 9 de octubre de 2020. Alega el señor Cruz Acosta que su despido fue sin justa causa y por razón de su edad. También alegó en la querella que fue sustituido por una persona de menor edad para realizar sus funciones desde antes de ser despedido. A su vez, alegó que el patrono le privó de los beneficios de su plan médico. Por estos alegados hechos, el recurrido solicitó la mesada correspondiente por el alegado despido injustificado. La Sra. Zambrana Negrón (esposa del Sr. Cruz Acosta) también presento su respectiva reclamación por alegados daños y perjuicios sufridos por los actos y/u omisiones de la parte querellada al alegadamente discriminar, hostigar y forzar la renuncia de su esposo.

El 26 de marzo de 2021 la parte querellada, Agropharma Laboratories, Inc. (Agropharma), interpuso su contestación a querella alegando afirmativamente que el Señor Cruz Acosta renunció a su empleo voluntariamente y que sus acciones

constituyeron un abandono de trabajo. Por tanto, alegan que existía justa causa para su despido. La parte querellada, Agropharma también expuso que el señor Cruz Acosta nunca presentó alguna queja de discrimen. También añadió en su contestación que el recurrido, tenía varias faltas en su expediente al momento de su despido.

El 9 de abril de 2021 el TPI emitió una Resolución remitiendo el caso al proceso ordinario. El 26 de abril de 2021 las partes presentaron el informe para el manejo del caso el cual fue discutido durante la Conferencia Inicial celebrada el 29 de abril de 2021. Tras la adjudicación de varias controversias relacionadas con el descubrimiento de prueba, el 17 de diciembre de 2021 el TPI celebró una Conferencia sobre el Estado de los Procedimientos donde la parte peticionaria manifestó que estaría presentando una enmienda a su Querella original. A preguntas del TPI la representación legal de la parte recurrida indicó que estaría trayendo al pleito a la corporación que es el patrono sucesor que adquirió la compañía querellada. El Tribunal autorizó la presentación de la enmienda. Se discutió el descubrimiento de prueba pendiente y quedó pautada la Conferencia con Antelación a Juicio para el 12 de mayo de 2022.

El 24 de diciembre de 2021 la parte querellante interpuso la querella enmendada en donde incluyó como parte querellada a la parte peticionaria Olein Recovery Corporation. Según se alega, esta compañía es patrono sucesor de Agropharma. Asimismo, se incluyó como querellado al Sr. Jorge González, accionista principal de Olein, que a su vez es accionista de Agropharma. También, se incluyó como parte querellada al Sr. Julio Rosa como empleado de Olein y/o de Agropharma, quien fuere supervisor directo del Querellante. Por último, se incluyó como querellada a la Sra. Marianela Maldonado como encargada del área de recursos humanos de Olein y/o de Agropharma.

El 18 de febrero de 2022 la parte querellada Olein Recovery Corporation, Jorge González, Julio Rosa y Marianela Maldonado presentaron, de forma separada, una solicitud de desestimación y sentencia sumaria. Jorge González adujo que la reclamación en su contra está prescrita Julio Rosa y Marianela Maldonado alegaron que no hay causa de acción posible en su contra y que, de haberla, la misma está prescrita. Mediante Sentencia Parcial dictada el 19 de agosto de 2022 el TPI desestimó las alegaciones de la Querella Enmendada formuladas en contra de Jorge González, Julio Rosa y Marianela Maldonado, por estimar que se encontraban prescritas. El TPI ordenó la continuación de los procedimientos en contra de Agropharma Laboratories, Inc. y Olein Recovery Corporation, Inc., alegado patrono sucesor. Se estableció que existía controversia sobre:

> Las alegaciones de la Querella Enmendada sobre un patrón de discrimen y cambios en la jornada laboral del querellante; probado lo anterior, si fueron la causa que llevó al querellante a renunciar a su empleo, reclamación contra Agropharma la Laboratories, Inc. y si Olein Recovery Corporation se constituyó en patrono sucesor.

Además, quedaron establecidos los siguientes hechos materiales:

1. La Querella que dio origen al presente caso fue presentada el 10 de marzo de 2021 en contra de Agropharma Laboratories, Inc. Se incluyó a John Doe y a la Corporación ABC como querellados de nombres desconocidos.

2. El 24 de diciembre de 2021 se presentó la Querella Enmendada trayendo al pleito a Olein Recovery Corporation, al Sr. Jorge González, al Sr. Julio Rosa y a la Sra. Marianela Maldonado.

3. Conforme la Querella Enmendada el Querellante se vio forzado a renunciar el 9 de octubre de 2020, esto tras un alegado patrón de discrimen y cambios en su jornada laboral.

4. La parte codemandada OLEIN RECOVERY CORPORATION es una corporación organizada bajo las leyes de Puerto Rico y debidamente registradas en el Departamento de Estado.

5. La parte codemandada AGROPHARMA LABORATORIES INC. es una corporación organizada bajo las leyes de Puerto Rico debidamente registradas en el Departamento de Estado.

6. El 23 de febrero de 2021 la representación legal de la parte querellante cursó una comunicación extrajudicial dirigida a Jorge "Tato" González, Presidente Olein Recovery Corporation, Olein LLC y Agropharma Laboratories, Inc. En esta comunicación se consignó, en lo pertinente, lo siguiente:

> Les escribimos de parte de nuestro representado, el señor Jesús Javier Cruz Acosta. Hemos sido contratados por él para representarlo en un esfuerzo por llegar a un Acuerdo Privado de Estipulación y Relevo Total Transaccional relacionado con su despido constructivo en octubre del 2020. De no poder llegar a un acuerdo, hemos sido contratados para llevar la reclamación judicial que corresponde. [...]
>
> [...]
> La Ley Núm. 100 provee compensación por las angustias mentales sufridas por el señor Cruz Acosta, las cuales no hemos estimado al momento, y esto dependerá si al momento de su despido nuestro cliente fue empleado de Agropharma, Olein Recovery, Inc. o de cualquiera de las subsidiarias de este último. Al momento de su despido, el señor Cruz Acosta fue supervisado por el Sr. Julio Rosas, quien labora por Olein y no Agropharma.

Los días 29 de agosto de 2022, 19 de octubre de 2022 y el 16 de marzo de 2023 el TPI celebró Conferencias sobre el Estado de los Procedimientos en donde las partes informaron sobre el descubrimiento pendiente. En la Vista del 16 de marzo de 2023 el Tribunal calendarizó los asuntos pendientes y pautó la Conferencia con Antelación a Juicio para el 17 de julio de 2023. El 12 de mayo de 2023 la codemandada Olein Recovery Corporation presentó una Solicitud De Sentencia Sumaria y Desestimación donde alegó que no había causa de acción posible en su contra ya que, según expuso, no adquirió a Agropharma Laboratories, ni se considera patrono sucesor de esta. Por tanto, según alegó en su escrito, nunca fue, ni es patrono del señor Cruz Acosta. El 23 de junio de 2023 la parte demandante presentó una Moción En Oposición A Moción De Sentencia Sumaria De Olein Recovery Inc. En esta, argumentó que los cheques a los que hacía referencia la parte promovente son girados sobre una cuenta de Agropharma, pero preparados por empleados de Olein Recovery. Asimismo, sostiene que las formas de W-2 fueron preparados por empleados de Olein. Básicamente, la contención de los recurridos en la querella original era y sigue siendo que el grado de control que ejercían dos de los empelados de Olein Recovery sobre los términos y condiciones de su empleo y

sobre cómo ejecutaba su trabajo son suficientes de por si para establecer que esta fue su verdadero patrono.

El TPI declaró NO HA LUGAR la Solicitud de Sentencia Sumaria solicitada por la parte peticionaria. El TPI consideró que persistía una controversia sobre si en efecto la parte peticionaria Olein Recovery había adquirido las acciones de Agropharma Laboratories y por consiguiente, entendió el TPI que existía duda sobre si en efecto la parte peticionaria se convirtió en patrono sucesor de la parte recurrida. Así las cosas, en la Resolución emitida el 8 de septiembre de 2023, el TPI estableció que los siguientes hechos materiales no están en controversia.

1. El querellante Jesús Javier Cruz Acosta trabajó para Agropharma desde el 2005 hasta el 2020.

2. El querellante Jesús Javier Cruz Acosta trabajó para Agropharma por 18 años, 2 meses, 1 semana y 2 días.

3. El querellante Jesús Javier Cruz Acosta recibió, depositó y cambió el cheque 238 girado sobre una cuenta de Agropharma.

4. El aludido cheque 238 fue por la cantidad de $1,857.72 y su descripción indica: liquidación.

5. El querellante Jesús Javier Cruz Acosta recibió, depositó y cambió el cheque 279 sobre una cuenta de Agropharma por concepto de Bono.

6. El referido cheque 279 fue por la cantidad de $555.00 y en su descripción indica: Bono.

7. Los Comprobantes de Retención (W2) para los años 2018, 2019 y 2020 del querellante Jesús Javier Cruz Acosta fueron emitidos por Agropharma Laboratories.

8. El querellante Jesús Javier Cruz Acosta no ha recibido un Comprobante de Retención W2 por parte de Olein Recovery Corp.

9. El querellante Jesús Javier Cruz Acosta nunca ha suscrito un contrato de empleo con Olein Recovery Corp.

10. Olein no contrató personal de supervisión de Agropharma.

11. Olein produce sus propios productos que van desde aceites a productos de limpieza.

En esa misma resolución el TPI acogió y estableció los siguientes hechos que están en controversia:

1. La relación entre los accionistas de Olein Recovery Corporation y Agropharma Laboratories, Inc.; y si tenían los empleados de la primera alguna inherencia en las operaciones de la segunda.

2. Las alegaciones de la Querella Enmendada sobre un patrón de discrimen y cambios en la jornada laboral del querellante; probado lo anterior, si fueron la causa que llevó al querellante a renunciar a su empleo, la reclamación contra Agropharma Laboratories, Inc.

3. Y si Olein Recovery Corporation se constituyó en patrono sucesor.

Inconforme con el proceder del TPI, la parte peticionaria comparece ante este Tribunal Apelativo y señalando que el TPI cometió los siguientes errores:

**PRIMER SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL MANTENER EN EL PLEITO A LA PARTE CO QUERELLADA, OLEIN RECOVERY CORPORATION, INDICANDO QUE EXISTE CONTROVERSIA EN CUANTO A LA RELACIÓN ENTRE LOS ACCIONISTAS DE AGROPHARMA Y OLEIN RECOVERY; Y LA INHERENCIA DE LOS EMPLEADOS DE OLEIN EN LAS OPERACIONES DE AGROPHARMA.

**SEGUNDO SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL MANTENER EN EL PLEITO A LA PARTE CO QUERELLADA, OLEIN RECOVERY CORPORATION, INDICANDO QUE EXISTE CONTROVERSIA EN CUANTO A SI OLEIN RECOVERY SE CONVIRTIÓ EN PATRONO SUCESOR DE AGROPHARMA.

**TERCER SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL MANTENER EN EL PLEITO A LA PARTE CO QUERELLADA, OLEIN RECOVERY CORPORATION, INDICANDO QUE OLEIN NO SUSTENTÓ COMO HECHO INCONTROVERTIDO QUE NO ADQUIRIÓ A LA PARTE CO QUERELLADA AGROPHARMA.

Con el beneficio de la comparecencia de los recurridos, pasamos a resolver.

-II-

-A-

Distinto al recurso de apelación, el *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene

la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; Scotiabank *v. ZAF Corp et al.*, 202 DPR 478 (2019). La Regla 52.1 de Procedimiento Civil también dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales regulados por la Regla 56, de la Regla 57, (mecanismo de injunction) o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIJ, supra.*

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

-B-

La Regla 36 de Procedimiento Civil regula el mecanismo procesal de la sentencia sumaria, y establece que su propósito principal es facilitar la solución justa, rápida y económica de casos

civiles que no presentan controversias genuinas o reales sobre hechos materiales y esenciales. Véase 32 LPRA Ap. V, R. 36.3 (e); *Bobé v. UBS Financial Services*, 198 DPR 6, 19-20 (2017). En ese sentido, se considera un hecho material esencial *"aquel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable"*. *S.L.G. Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 167 (2011). Por lo tanto, procederá dictar una sentencia sumaria cuando de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, se demuestre que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente. Regla 36.3 (e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (e).

Es decir, este mecanismo podrá ser utilizado en situaciones en las que la celebración de una vista o del juicio en su fondo resultare innecesaria, debido a que el tribunal tiene ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y solo le resta aplicar el derecho. *Burgos López et al. v. Condado Plaza*, 193 DPR 1, 17-18 (2015); *Mejías v. Carrasquillo*, 185 DPR 288, 299 (2012). De manera que, un asunto no debe ser resuelto por la vía sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hallan alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede. *S.L.G. Szendrey-Ramos v. Consejo de Titulares*, *supra*, a la pág. 167.

La precitada regla establece los requisitos de forma que debe satisfacer toda solicitud de sentencia sumaria. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 431 (2013). El inciso (a) de la Regla

36.3 de Procedimiento Civil, dispone que la moción de la parte promovente deberá contener:

1. Una exposición breve de las alegaciones de las partes;

2. Los asuntos litigiosos o en controversia;

3. La causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;

4. Una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

5. Las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y

6. El remedio que debe ser concedido.

Asimismo, presentada una moción de sentencia sumaria, la parte promovida no deberá cruzarse de brazos ni descansar exclusivamente en meras afirmaciones o en las aseveraciones contenidas en sus alegaciones. *Rodríguez Méndez v. Laser Eye*, 195 DPR 769, 785 (2016). Es preciso que la parte promovida formule (con prueba adecuada en derecho) una posición sustentada con contradeclaraciones juradas y contradocumentos que refuten los hechos presentados por el promovente. *Ramos Pérez v. Univisión*, 178 DPR 200, 214-215 (2010). Por consiguiente, cualquier duda que se plantee sobre la existencia de hechos materiales en controversia no será suficiente para derrotar la procedencia de la solicitud. *Oriental Bank v. Perapi et al.*, 192 DPR 7, 26 (2014). Después de todo, *"[l]a etapa procesal para presentar prueba que controvierta los hechos propuestos por una parte en su Moción de Sentencia Sumaria no es en el juicio, sino al momento de presentar una Oposición a la Moción de Sentencia Sumaria, según lo exige la Regla 36 de Procedimiento Civil"*. *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 122 (2015).

Es preciso señalar que al ejercer nuestra función revisora sobre decisiones en las que se aprueba o deniega una solicitud de sentencia sumaria, nos encontramos en la misma posición que los foros de primera instancia. *Meléndez González et al. v. M. Cuebas, supra,* en la pág. 118; *Vera v. Dr. Bravo,* 161 DPR 308 (2004). Al tratarse de una revisión de *novo,* debemos ceñirnos a los mismos criterios y reglas que nuestro ordenamiento les impone a los foros de primera instancia, y debemos constatar que los escritos de las partes cumplan con los requisitos codificados en la Regla 36 de Procedimi*ento* Civil, *supra.* Nuestro Tribunal Supremo ha establecido que el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Por el contrario, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar de novo si el TPI aplicó correctamente el Derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra,* a las págs.,118-119. Claro está, el alcance de nuestra función apelativa al intervenir en estos casos no comprenderá la consideración de prueba que no fue presentada ante el foro de primera instancia ni la adjudicación de hechos materiales en controversia. *Id.*

-C-

La doctrina de patrono sucesor proviene del derecho común estadounidense y se incorporó a nuestro ordenamiento jurídico mediante jurisprudencia. Véase *Fontánez v. Wyndham Hotel,* 155 DPR 364, 391, (2001). Su aplicación ocurre en el contexto de una venta o transferencia de activos o reorganización de un negocio, siempre que haya una similitud sustancial en la operación y una

continuidad sustancial en la identidad de la empresa, antes y después del cambio. *Id.* El único propósito de esta doctrina es responsabilizar al nuevo patrono por las obligaciones laborales o actos ilegales del patrono anterior. *Id.* en la pág. 682.  Nuestro Tribunal Supremo ha resuelto que, para determinar la existencia de esa similitud y continuidad, se deben considerar los factores siguientes: (1) la existencia de una continuación sustancial de la misma actividad de negocios; (2) la utilización de la misma planta o instalación para las operaciones; (3) el empleo de la misma, o sustancialmente la misma, fuerza obrera; (4) la conservación del mismo personal de supervisión; (5) la utilización del mismo equipo y maquinaria, y el empleo de los mismos métodos de producción; (6) la producción de los mismos productos y la prestación de los mismos servicios; (7) la retención del mismo nombre y (8) la operación del negocio durante el período de transición. *Id.* No obstante, ninguno de esos criterios es de por sí solo determinante. Ahora bien, debido a que el único propósito de esta doctrina es responsabilizar al nuevo patrono por las obligaciones laborales o los actos ilegales del patrono anterior, nuestro Tribunal Supremo ha establecido que los tribunales deben, primero, identificar la existencia de una obligación laboral o un acto ilegal imputable al patrono anterior. Una vez establezcan esto, podrán examinar si aplica la doctrina de Patrono Sucesor. Por tanto, esta doctrina no aplica cuando se logra establecer que el despido realizado por el patrono anterior fue justificado. *Id.* en la pág. 683 véase, además, *Segarra Rivera v. International Shipping Agency Inc.* 208 DPR 964 (2022).

-III-

Luego de haber expuesto algunas áreas del derecho relevantes a la controversia ante nuestra consideración, pasemos a analizar los señalamientos de error y disponer correctamente de estos.  Por estar

íntimamente relacionados, discutiremos los errores uno y tres de manera conjunta. La parte peticionaria nos indica en el primer señalamiento de error que el TPI erró al mantener en el pleito a Olein Recovery, indicando que existe controversia en cuanto a la relación entre los accionistas de Agropharma y Olein Recovery; y la inherencia de los empleados de Olein en las operaciones de Agropharma. En cuanto al tercer señalamiento de error, la parte peticionaria nos señala que erró el TPI al mantener en el pleito a la parte co querellada, Olein Recovery, indicando que Olein no sustentó como hecho incontrovertido que no adquirió a la parte co querellada Agropharma. Tal y como establecimos en la parte expositiva de esta resolución, debido a que la controversia ante nuestra consideración ha sido tramitada por la vía sumaria, estamos en la misma posición del TPI para dirimir los planteamientos de las partes y toda la prueba documental que surge del expediente. Efectuado dicho análisis, consideramos que el TPI resolvió correctamente al mantener en esta etapa a la parte peticionaria Olein Recovery en el pleito. El TPI entendió que, de la prueba presentada, no podía concluir que la parte peticionaria no había adquirido a Agropharma o que, en efecto, se tratase de la misma compañía. Considerada la totalidad del expediente, este Foro Apelativo Intermedio, no está en posición de tomar una decisión distinta a la que llegó el Foro de Instancia. Por eso, concluimos que los referidos errores no se cometieron. Es necesario que se presente prueba adicional para que, en su momento, la contención de la parte peticionaria ser sustentada.

Aclarado lo anterior, nos resta disponer del segundo señalamiento de error expuesto por la parte peticionaria. En este alega que erró el TPI al mantener en el pleito a la parte co querellada, Olein Recovery, indicando que existe controversia en cuanto a si Olein Recovery se convirtió en patrono sucesor de Agropharma. Tal

y como mencionamos en la parte expositiva de esta Resolución, y por fundamentos probatorios análogos a los que dispusieron de los restantes señalamientos de error, para que aplique la doctrina del patrono sucesor, o no, es necesario que el TPI primero determine, con prueba suficiente, si en efecto la segunda compañía adquirió mediante venta o transferencia de activos o reorganización de un negocio otra compañía. Por lo tanto, debido a que el TPI, y tampoco este Foro Apelativo Intermedio, hemos determinado si en efecto la parte recurrida Olein Recovery tiene una similitud sustancial en la operación y una continuidad sustancial en la identidad de la empresa con Agropharma, no podemos determinar la aplicación o no ampliación de esta doctrina.

-IV-

Por los fundamentos anteriormente expuestos, denegamos expedir el recurso de *certiorari* presentado por la parte peticionaria. Se ordena la continuación de los procedimientos ante el TPI.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones